IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BENJAMIN J. CHAVEZ and
VIOLA F. CHAVEZ,

        Plaintiffs,

vs.                                     No. CIV 96-1656 SC/JHG

BENNETT PROPP, CARMELITA HOUTMAN, and
DEBI McNEIL,

        Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

This matter was referred by the Honorable Santiago E. Campos, United States District Judge, to the undersigned to conduct a show cause proceeding to determine whether this lawsuit was filed for an improper purpose. On September 11, 1998, Plaintiffs and Mr. Livingston were ordered to appear and show cause why Mr. Livingston had not violated Rule 11(b). Paul Livingston and Gerald Hopkins appeared on behalf of the Plaintiffs. John McCall appeared on behalf of Mr. Livingston. Cindy Lovato-Farmer and Michael Gross appeared on behalf of the Defendants.

On August 19, 1997, Judge Campos granted defendant's motion to dismiss. On September 18, 1997, Defendants filed a motion for attorney fees pursuant to 42 U.S.C. §1988 and plaintiffs filed a notice of appeal. On October 10, 1997, Judge Campos granted Defendants' motion for attorney fees, finding the complaint was frivolous, unreasonable and without foundation. Judge Campos ordered Defendants to submit briefs, affidavits and exhibits in support of their claim for attorney fees and allowed Plaintiffs the opportunity to respond. In response, Plaintiffs filed a suggestion of lack of

jurisdiction due to their notice of appeal. In the October 10, 1997 Memorandum Opinion and Order, Judge Campos also referred the case to the undersigned to make findings and recommendations as to possible sanctions under Rule 11. Defendants have not filed a motion for Rule 11 sanctions.

On May 7, 1998, Judge Campos found the District Court has jurisdiction to act on attorney fees and Rule 11 sanctions while the appeal is pending. After disallowing some of the claimed hours and costs, Judge Campos awarded the defendants $5,871.50 in attorney fees and costs. Judge Campos stated "[o]n the sanctions issue, it is my intent that the magistrate judge will conduct a show cause proceeding to determine whether this lawsuit was filed for an improper purpose." Judge Campos stated the issue to be determined in the Rule 11 proceeding is "whether plaintiffs and/or their counsel filed this case in federal court for the purpose of harassing the defendants or to cause needless expense."

Judge Campos noted if Rule 11 violations are found, an appropriate sanction against Plaintiffs' attorney would be the payment of Defendants' attorney fees and costs in this case. He also observed that while many hours were disallowed, some of those hours might appropriately be ordered paid as sanctions. He stated "[b]ecause there might be some overlap between the sanctions and the fees, and because the culpability of counsel may exceed that of the clients, I will stay the imposition of a fee award pending the determination of appropriate sanctions under Rule 11, if any are found." On May 26, 1998, Plaintiffs appealed the May 7, 1998 Memorandum Opinion and Order.

On May 29, 1998, the first show cause hearing was held. At the first hearing, Mr. Livingston argued the order setting the hearing was not a show cause order and failed to specify which party had the burden of production and proof. Therefore, the undersigned ordered the attorneys to submit simultaneous briefs on whether an Order to Show Cause is required and who has the burden of going

2

forward at hearing. Defendants submitted a brief and Plaintiffs submitted a brief and response. After analyzing the briefs and response, the undersigned determined Plaintiffs and Mr. Livingston had the burden of going forward to show, by a preponderance of the evidence, why sanctions should not be imposed for violation of Rule 11 (b). Fed.R.Civ.P. 11 (c)(1)(B). Therefore, a second order to show cause was entered, reiterating Judge Campos's directives, describing the specific conduct at issue and directing Mr. Livingston to show cause why he has not violated Rule 11 (b). Fed.R.Civ.P. 11 (c)(1)(B); *Merriman v. Security Ins. of Hartford,* 100 F.3d 1187, 1191 (5th Cir. 1996). The second order to show cause clearly stated Plaintiffs and Mr. Livingston had the burden of going forward to show by a preponderance of the evidence why sanctions should not be imposed. The second show cause hearing was held on September 11, 1998.

Judge Campos found the "complaint was frivolous, unreasonable, and without foundation" and stemmed from a "fundamental lack of evidentiary support for their federal claims, rather than a mere technical failure capable of being remedied by amendment." The issue therefore at the second show cause hearing was whether plaintiffs and/or their counsel filed this case in federal court for the purpose of harassing the defendants or to cause needless expense.

At the hearing, Mr. Livingston testified he had been an attorney since 1982, and was familiar with the federal rules of civil procedure. Transcript of Hearing of September 11, 1998, (Tr.) 101-102. Mr. Livingston testified he believed the procedures in the First Judicial District Court of New Mexico to be "truly corrupt." Tr. 103. He testified he had tried between 40 and 50 civil rights cases and had read hundreds of cases on the subject of civil rights. Tr. 130; 134. Mr. Livingston considered himself to be one of the experts on res judicata and collateral estoppel. Tr. 149-150. Mr. Livingston testified he did not appeal the state court adverse rulings because such an appeal would have been "futile."

3

Tr. 130.

In evaluating whether Rule 11 sanctions are appropriate, the court should consider the effect of the improper conduct on the litigation process in time or expense, whether the person responsible is trained in the law, and the degree of sanctions necessary to deter similar activity in the future. 5A, Wright, Miller, Fed. P. & Pro 2d § 1336 (1998 Pocket Part). It is axiomatic that the federal district court has no authority to review final judgments of a state court in judicial proceedings. *Razatos v. Colorado Supreme Court*, 746 F.2d 1429, 1432 (10th Cir. 1984). It was not proper for Mr. Livingston to file the complaint in federal court merely because he considered the state court procedures "truly corrupt." Moreover, the undersigned notes Mr. Livingston's characterization of the procedures of the First Judicial District Court as corrupt is beyond the bounds of propriety and should not be tolerated. The federal complaint was clearly frivolous, unreasonable and without foundation. Mr. Livingston's improper filing of the complaint in federal court had the result of causing unnecessary and excessive expenses to Defendants, their attorneys and this Court. Mr. Livingston, as an experienced attorney trained in the law, should have been aware the federal complaint was frivolous and without foundation when he filed it. Mr. Livingston filed this case in federal court for the purpose of causing needless expense.

In order to deter Mr. Livingston from filing frivolous lawsuits in the future, he should be sanctioned. Judge Campos noted if Rule 11 violations were found, an appropriate sanction against Mr. Livingston would be the payment of some of the disallowed attorney fees and costs in this case. The undersigned agrees. An additional $2,000.00 in attorney fees would be sufficient to deter Mr. Livingston from filing frivolous lawsuits in the future. Therefore, sanctions in the amount of $2,000.00 in attorney fees should be assessed against Mr. Livingston pursuant to Rule 11.

In arriving at the figure of $2,000.00, the undersigned followed the lodestar method of multiplying the hours counsel reasonably spent on the litigation by a reasonable hourly rate. *Jane L. v. Bangerter*, 61 F.3d 1505 (10th Cir. 1995). The undersigned finds an award for an additional fourteen hours of Ms. Lovato-Farmer's time spent on the underlying litigation is reasonable under the circumstances. The undersigned further finds an award of an additional five hours of Mr. Gross' time spent on the underlying litigation is reasonable under the circumstances.

In an affidavit in support of Defendants' Brief in Support of Reasonable Attorney Fees filed October 24, 1997, Mr. Gross averred his hourly rate was $120.00 and Ms. Lovato-Farmer's hourly rate was $100.00 and these were the prevailing market rates in the Albuquerque, New Mexico community for attorneys of similar experience. Judge Campos has determined these rates are reasonable and in accordance with the prevailing market rates in the community. The undersigned fully concurs with this determination. Multiplication of the applicable reasonable rates to the additional reasonable hours pursuant to the lodestar method results in the amount of $2,000.00 as additional attorney fees. This amount should be assessed as sanctions against Mr. Livingston pursuant to Rule 11.

The Plaintiffs acted on advice of their attorney, Mr. Livingston, with respect to filing the complaint in federal court. Testimony adduced at the second hearing established that the Plaintiffs are not trained in the law. The attorney fees and costs already assessed by Judge Campos should be adequate to deter any future abuse of the legal process by Plaintiffs. Therefore, additional Rule 11 sanctions should not be imposed on the Plaintiffs.

**RECOMMENDATION**

Mr. Livingston should pay $2,000.00 in attorney fees to the Defendants as sanctions pursuant to Rule 11. This amount should be in addition to, and independent from, the attorney fees and costs awarded to Defendants by Judge Campos.

 

**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE**

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to **28 U.S.C. § 636 (b)(1)**, file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.